HUTCHENS LAW OFFICES, PLLC
Beth A. Hutchens (Arizona Bar No. 26837)
1212 E. Osborn Ste. 104
Phoenix, Arizona, 85014
480.310.2325 (phone)
888.891.1408 (fax)
beth@hutchenslawoffices.com

Attorneys for Plaintiff,
Liberty Media Holdings, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| Liberty Media Holdings, LLC, a California Limited Liability Company,<br><br>  Plaintiff,<br><br>  vs.<br><br>Arizona Members of Swarm of November 15, 2010 to January 2, 2011, Sharing Hash File AE340D0560129AFEE8D78CE07F23 94C7B5BC9C05; and DOES 1 through 27,<br><br>  Defendants. | Case No. 2:11-cv-00892_NVW<br><br>(Copyright)_____<br><br>**PLAINTIFF'S *EX-PARTE* MOTION FOR ORDER GRANTING ADDITIONAL DISCOVERY UNDER RULE 30 FRCP; CERTIFICATE OF NON-SERVICE**<br><br>**NON-HEARING MOTION** |

**PLAINTIFF'S *EX-PARTE* MOTION FOR ORDER GRANTING ADDITIONAL DISCOVERY UNDER RULE 30 FRCP**

Plaintiff LIBERTY MEDIA HOLDINGS, LLC ("Plaintiff" or "Liberty"), by and through its attorney undersigned, respectfully moves this Court, *ex-parte* and without a hearing, for an order authorizing Plaintiff to conduct additional discovery for the limited purpose of identifying Doe Defendants through taking the deposition and written interrogatories to each of Doe Defendants as may be

1

necessary to identify each named, and additional, Doe Defendant(s) in the above captioned matter.

Plaintiff makes this Motion pursuant to Rule 30 Fed. R. Civ. P. and *ex parte* pursuant to LRCIV 83.3.  This Motion is supported by Plaintiff's Memorandum of Law in Support of the Motion.  A proposed order is submitted herewith.

Dated this 15 day of November, 2011

/s/ _____
Beth A. Hutchens
Attorney for Plaintiff
Liberty Media Holdings, LLC

HUTCHENS LAW OFFICES, PLLC
Beth A. Hutchens (Arizona Bar No. 26837)
1212 E. Osborn Ste. 104
Phoenix, Arizona, 85014
480.310.2325 (phone)
888.891.1408 (fax)
beth@hutchenslawoffices.com

Attorneys for Plaintiff,
Liberty Media Holdings, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| Liberty Media Holdings, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>Arizona Members of Swarm of November 15, 2010 to January 2, 2011, Sharing Hash File AE340D0560129AFEE8D78CE07F2394C7B5BC9C05; and DOES 1 through 27,<br><br>Defendants. | Case No. 2:11-cv-00892_NVW<br><br>(Copyright)_____<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EARLY DISCOVERY** |

**INTRODUCTION**

On May 5, 2011 Plaintiff, Liberty Media Holdings (hereinafter "Liberty" or the "Plaintiff") filed its Complaint, pursuant to Federal Rule of Civil Procedure 15(a), against certain unidentified defendants and other unknown defendants (collectively "Defendants") alleging copyright infringement, civil conspiracy, negligence. On May 12, 2011 this Court granted Plaintiff's request for early discovery but denied its request for interrogatories, believing it would be "overkill" at that stage of the pleadings. With the Court's permission, Plaintiff issued requests for production to each Internet Service Provider ("ISP") named in the

3

Complaint and obtained identifying information for the owners of the corresponding Internet Protocol ("IP") addresses. Subsequently, Liberty sent demands to each of the identified subscribers notifying them of the complaint and requesting contact. For reasons explained below, Plaintiff has been unable to verify the identities of additional defendants and now seeks to take the deposition of the following Internet subscribers so that it may amend its complaint properly and proceed with its case on the merits.

## THE PARTIES

Liberty is a California LLC with a mailing address of 302 Washington Street, Suite 321, San Diego, CA 92103. The Defendants are a group of individuals acting in concert to infringe Plaintiff's copyrighted work "Down on the Farm". Each Defendant either (i) acted in concert with; (ii) aided and abetted; (iii) was negligent in providing Internet access to; or (iv) was a member of the group (otherwise known as a "swarm") of BitTorrent users or peers whose computers were collectively interconnected to share a BitTorrent file of Plaintiff's motion picture.

The particular file that any BitTorrent swarm is associated with has a unique "hash" (a file identifier generated by an algorithm developed and implemented by the National Security Agency). The hash value in this case is identified as: AE340D0560129AFEE8D78CE07F2394C7B5BC9C05 (the "AE3 Hash"). Plaintiff has identified some of the Arizona-based members of the AE3 Hash swarm, but other members of the AE3 Hash swarm located within Arizona may not yet be identified. Specifically, identifying the infringers associated with the following IP addresses has proven to be problematic as further explained below.

1. <u>Doe Defendant 21, ISP 65.101.51.191</u>

On December 3, 2010, at 10:46:16 p.m. UTC, Doe Defendant 21, the owner of the above IP address used it to illegally republish and illegally distribute Plaintiff's copyrighted Motion Picture. Upon receipt of Plaintiff's request for

production, Doe Defendant 21's ISP, Qwest Communications, promptly notified Doe 21 that its information was being sought by Plaintiff. Soon after, Qwest and this Court received a communication from a person objecting to disclosure of the identifying information. (Doc. 10)[1] The communication alleged that the address provided by Qwest is a rental property and that the subscriber did not occupy the home on the date of infringement. Complying with the Court's Order, Plaintiff treated the communication as a Motion to Quash and responded accordingly. The Court denied the Motion and Plaintiff subsequently obtained the subscriber's identifying information.

Plaintiff sent a demand to Doe 21, and thus far Doe 21 has not responded. A public records search indicates that the individual who sent the communication to the Court may currently be, and likely was on the date of infringement, a resident of the alleged rental property. Therefore, Doe Defendant 21 is either a direct and contributory infringer, has some relationship with additional Doe Defendant(s) and/or knows of an additional Defendant who: (i) acted in concert with; (ii) aided and abetted; and/or (iii) was negligent in providing Internet access for the purpose of infringing Plaintiff's copyright. Doe Defendant 21 has not been forthcoming with this information. It is for these reasons that Plaintiff wishes to take the deposition of Doe Defendant 21; for the sole purpose of identifying all proper defendants in the above captioned matter.

### 1. Doe Defendants 24, 26, and 27

Plaintiff has discovered that Doe Defendants 24, 26, and 27 all use an IP address that is owned by the same person. It remains unclear if Doe Defendants 24, 26, and 27 are a single individual who infringed Plaintiff's movie on three

---

[1] That same day, the individual also sent a letter to the court requesting that its address be filed under seal. (Doc 11.) Inasmuch as the Court's Order (Doc.20) granted that request with respect to that Motion, the individual will not be identified by name for purposes of this pleading only.

separate occasions or if the IP subscriber permitted three different individuals to use its connection to infringe Plaintiff's copyright. On January 28, 2011 at 4:12:19 am, UTC, Doe Defendant 24 used the IP address 68.106.46.84 to illegally republish and illegally distribute Plaintiff's copyrighted Motion Picture. On January 30, 2011 at 7:39:42 pm, UTC, John Doe 26 used the IP address 68.106.59.97 to illegally republish and illegally distribute Plaintiff's copyrighted Motion Picture. On February 1, 2011 at 12:10:05 am, UTC, John Doe 26 used the IP address 68.3.249.26 to illegally republish and illegally distribute Plaintiff's copyrighted Motion Picture.

Plaintiff sent a demand letter notifying the person identified as Doe 24/26/27 of the three counts against it and requested immediate contact. On 9/19/2011, Plaintiff's attorney received a communication from a person identifying himself as IP owner's son. The letter writer denied any wrongdoing on behalf of the IP owner but has not provided further information and has not made further attempts to contact counsel for Plaintiff. A public records search confirmed both the individual identified as Doe Defendant 24, 26, and 27 as well as the letter writer as residents of the address provided by the ISP. Therefore, the person identified as Doe Defendants 24, 26, and 27, is either a direct and contributory infringer, has some relationship with additional Doe Defendant(s) and/or knows of an additional Defendant who: (i) acted in concert with; (ii) aided and abetted; and/or (iii) was negligent in providing Internet access for the purpose of infringing Plaintiff's copyright. It is for these reasons as well as the oddity of three infringing dates and three infringing IP address all owned by the same person that Plaintiff wishes to take the deposition of the person identified as Doe Defendant 24, 25, and 26; for the sole purpose of identifying all proper defendants in the above captioned matter.

//

//

//

## **ARGUMENT**

Federal Rules Allow for Early Discovery

Where the identity of alleged defendants will not be known prior to the filing of a complaint, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980). Courts have indicated that a plaintiff requesting early discovery to identify defendants should justify specific requests and explain how such requests "will lead to identifying information about defendant that would make service of process possible. See *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 580 (N.D. Cal. 1999).; *Gillespie v. Civiletti*, 629 F. 2d 637, 642 (9th Cir.1980). First, the unique set of facts pertaining to the individuals named in this pleading precludes Plaintiff from discovering, with adequate specificity, the identities all defendants.  In fact, it appears all but certain that the individuals named in this pleading are aware of the identities of additional defendants that must be named.  Here, the requested discovery is necessary for Plaintiff to determine the true name and address of all defendants in the above captioned matter, as the Doe Defendants herein have not been forthcoming with the information required.  As a result, Plaintiff is without recourse to determine the identities of all defendants.  Plaintiff now seeks permission to take the deposition of the above identified Doe Defendants because Plaintiff has reason to believe that each Doe has knowledge of, and is refusing to disclose, additional defendants.

It is not the prerogative of the Plaintiff to harass and harangue Doe Defendants.  Plaintiff has given each party ample time to come forward provide information as to the identities of the actual defendant or to admit any wrongdoing resolve the matter amicably.  Instead, the above named Doe Defendants chose to engage in subterfuge or flat out ignore Plaintiff's requests.  As a result, Plaintiff

must turn to this Court for permission to serve additional discovery to ferret out the proper defendants and dismiss those who are not so it may proceed with its case on the merits.

## **CONCLUSION**

The Plaintiff requests that the Court issue the requisite Order permitting Plaintiff to depose above named Doe Defendants for the limited purpose of ascertaining the identities of all proper defendants in the above captioned matter. Given the communications from (alleged) representatives of Doe defendants, there remains a substantial question as to the existence of additional Doe Defendants. Deposing the above named Doe Defendants will permit plaintiff to determine the relationship (if any) between the parties and properly name serve all defendants in the above captioned matter.

Respectfully submitted this 15 Day of November, 2011

                                        Beth A. Hutchens, Esq.
                                      Hutchens Law Offices, PLLC

/s/

                                        Attorney for Plaintiff
                                      Liberty Media Holdings, LLC